

# HURWITZ & FINE, P.C.
## ATTORNEYS AT LAW

Jennifer A. Ehman
jae@hurwitzfine.com

December 20, 2017

*Via ECF*
Hon. Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    RE: *Century Surety Company v. Mission Design, et. al.*
       Civil Action No.: 1:16-02075-NGG-SMG

Dear Magistrate Judge Gold:

  Our office serves as counsel for Plaintiff, Century Surety Company. Please accept this letter as our request for a pre-motion conference in anticipation of seeking summary judgment.

  By way of a brief background, this declaratory judgment action arises out of two separate accidents in September 2012 in which two employees, Juan Maurisaca ("Maurisaca") and Jaime Guichay Guerrero ("Guerrero"), where working in the course of their employment with Defendant, Mission Design & Management, Inc. ("Mission"), on a construction project at 199 Bowery Street in New York (the "premises"), when they sustained personal injuries. At the time of the accidents, the premises was owned by Defendant, Bowery at Spring Partner, LP ("Bowery"), and leased to Defendant, Bakers Dozen Partner, LLC ("Bakers"). Bakers hired Defendant, The Walsh Company, LLC ("Walsh"), as the construction manager and Mission as the contractor on the project.

  On or about January 25, 2013, Maurisaca commenced a lawsuit captioned *Juan Maurisaca v. Bowery at Spring Partners, LP, Condominium Board of the Nolita Place Condominum, Midboro Management, Inc., Bakers Dozen Associates LLC, EMM Group Holdings LLC and the Walsh Company, LLC,* in Supreme Court, County of Queens, under index number 702405/2012, alleging violations of New York Labor Law Section 240(1), 241(6), 200 and common law negligence.

  Likewise, on or about November 21, 2013, a lawsuit was commenced in Supreme Court, Kings County by Guerrero captioned *Jaime Guichay Guerrero v. Bowery at Spring Partners, LP and Nolita Place, LLC.* We note that this lawsuit has since been resolved without contribution by Century, and in turn coverage for Mission relative to this action is no longer at issue here.

HURWITZ & FINE, P.C.

Hon. Steven M. Gold, U.S.M.J.
United States District Court
December 20, 2017
Page 2

Century issued a Commercial Excess Liability Policy to Mission, policy number CCP 782619, effective August 17, 2012 through August 6, 2013, which was in full force and effect on September 8, 2012 and September 20, 2012 ("the Century Policy"), the dates of loss.

The Century Policy contained, in relevant part, Endorsement CXL 1185 0611, ACTION OVER EXCLUSION, which removes coverage as follows:

> SCHEDULE
> State(s):  New York
> The following exclusion is added to Section I - Coverages, paragraph **2.** Exclusions:
> For the states named in the Schedule above, insurance provided under this Coverage Part does not apply to:
> **Employer's Liability:**
> "Injury or damage" to:
> (1) An "employee" of the named insured arising out of and in the course of:
>   (a) Employment by the Named Insured; or
>   (b) Performing duties related to the conduct of the named insured's business; or
> (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph **(1)** above.
>
> This exclusion applies:
> (1) Whether the named insured may be liable as an employer or in any other capacity; and
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

There is no dispute that Maurisaca was employed by Mission at the time of the accident, and working in the course of his employment. The Second Circuit in *Endurance American Specialty Ins. Co. v. Century Sur. Co.*, 630 Fed. Appx 6 (2015), considered this exact endorsement applying it in this context.

Accordingly, where the Century policy removes coverage for any injury or damage to an employee without exception, Century seeks a pre-motion conference and permission to move forward with a dispositive motion on this basis. Century also anticipates arguing that Defendants, Walsh, Bowery and EMM do not qualify as insureds under the policy, and that even if any coverage is owed, such coverage is excess.

**HURWITZ & FINE, P.C.**

Hon. Steven M. Gold, U.S.M.J.
United States District Court
December 20, 2017
Page 3

        Thank you for your consideration.

                Respectfully submitted,

                HURWITZ & FINE, P.C.

                /s/ Jennifer A. Ehman

                Jennifer A. Ehman

cc       James Smith Kehoe, Esq.
          Barry M. Bordetsky, Esq.
          Daniel O. Dietchweiler, Esq.