UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CENTURY SURETY COMPANY,                          :
                                                 :
                           Plaintiff,            :
                                                 :
   -against-                                     :
                                                 :        REPORT &
MISSION DESIGN & MANAGEMENT, INC.,               :        RECOMMENDATION
THE WALSH COMPANY, LLC,                           :        16-CV-2075 (NGG) (SMG)
BAKERS DOZEN PARTNERS LLC,                        :
EMM GROUP HOLDINGS LLC,                            :
BOWERY AT SPRING PARTNERS, LP,                     :
JUAN MAURISACA, and                               :
JAIME GUICHAY GUERRERO,                            :
                                                 :
                           Defendants.            :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff, Century Surety Company ("Century"), brings this action against defendants Mission Design & Management, Inc. ("Mission"); The Walsh Company, LLC ("Walsh"); Bakers Dozen Partners LLC ("Bakers Dozen"); EMM Group Holdings LLC ("EMM"); Bowery at Spring Partners, LP ("Bowery"); Juan Maurisaca, and Jaime Guichay Guerrero. Century seeks a judgment declaring that it has no duty to defend or indemnify defendants Mission, Walsh, Bakers Dozen, EMM, or Bowery in an underlying personal injury action brought by defendant Maurisaca. Compl. ¶¶ 11–23 and pp. 19–20, Dkt. 1.[1]

Century now moves for summary judgment. Dkt. 53. By Order dated December 18, 2018, Senior United States District Judge Nicholas G. Garaufis referred plaintiff's motion to me

---

[1] The complaint also makes reference to a second underlying action commenced by Guerrero. Guerrero's case was settled, and plaintiff no longer seeks a declaratory judgment with respect to it. Memorandum of Law in Support of Century Surety Company's Motion for Summary Judgment (Pl.'s Mem.") at 1 n.1, Dkt. 53-2.

for report and recommendation.   For the reasons stated below, I respectfully recommend that plaintiff's motion be granted.

## DISCUSSION

This case concerns a commercial excess liability policy issued by Century to Mission that was in effect at the time relevant to Maurisaca's underlying action.  Plaintiff's Rule 56.1 Statement ("Pl. 56.1") ¶ 27, Dkt. 53-1. Maurisaca claims in that underlying action that he was working as a Mission employee at a construction site when he was injured.  Pl. 56.1 ¶¶ 5–18. Walsh, Bakers Dozen, EMM, and Bowery are named as defendants, and Mission as a third-party defendant, in Maurisaca's underlying personal injury action. Pl. 56.1 ¶¶ 16–26. Walsh and Bakers Dozen have in the past contended that they qualify as additional insureds covered by Century's policy.  Pl. 56.1 ¶¶ 20, 24.

Mission's primary commercial liability coverage was at all relevant times provided under a policy issued by Scottsdale Insurance Company.  Pl. 56.1 ¶ 19; Pl.'s Mem. at 1.  Various decisions and orders entered in the underlying action determined that Mission is not entitled to coverage under its Scottsdale policy, and that neither Bowery nor Walsh qualify as additional insureds under that policy.  Pl. 56.1 ¶¶ 22, 37, 41.[2]

Century argues that it is entitled to summary judgment because, having issued an *excess* liability policy, it cannot be held to provide coverage that is any broader than that of Scottsdale's underlying primary policy.  Pl.'s Mem. at 4. Century cites language from its policy expressly providing that coverage under the policy will not be broader than that of the insured's underlying insurance.  *Id.*

---

[2] Plaintiff states in its 56.1 Statement that a state court decision held that Bakers Dozen was an additional insured under the Scottsdale policy, and cites to a document described as the Decision and Order so holding. Pl. 56.1 ¶ 25. The cited document, however, appears to be an order holding that Scottsdale has no duty to defend or indemnify Mission; it makes no reference to Bakers Dozen. Kohane Decl. Ex. L., Dkt. 53-20.

Century also posits an alternative basis for the declaratory judgment it seeks: the policy it issued to Mission excludes from coverage any injury to an employee of Mission that occurred in the course of that employment or while otherwise performing duties related to the conduct of Mission's business. Pl.'s Mem. at 2. Century has provided the language of the exclusion, and it clearly supports Century's position. Pl. 56.1 ¶ 30.

Walsh, Bakers Dozen, EMM, and Bowery have all appeared in this declaratory judgment action but have not submitted any opposition to Century's motion for summary judgment. During a telephone conference held on January 2, 2019, counsel for each of these appearing defendants acknowledged that they lacked a good faith basis to oppose the motion. Dkt. 54.[3]

Defendants Maurisaca and Mission were served but failed to appear, and plaintiff seeks entry of their default. Affirmation of Jennifer A. Ehman, Dkt. 55-3. There appears to be no reason why these defendants should not be held in default.[4]

Having defaulted, Maurisaca and Mission are deemed to have admitted plaintiff's allegations pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). As set forth above, these facts plainly demonstrate that Century is entitled to a declaratory judgment stating that it has no duty to defend or indemnify Mission—or Walsh, Bakers Dozen, EMM, or Bowery—in Maurisaca's underlying personal injury action.

---

[3] The minute entry for the conference erroneously notes the appearance of Slattery on behalf of Kehoe and seems to indicate that no counsel appeared for Walsh; however, Mr. Kehoe is in fact counsel for defendant Walsh.

[4] On August 18, 2016, I granted plaintiff's application for leave to serve Maurisaca by serving his attorney in the underlying action.

### CONCLUSION

For the reasons stated above, I respectfully recommend that the Court grant plaintiff Century's motion for summary judgment and enter the declaratory judgment it seeks. I further recommend that the Court enter the defaults of defendants Maurisaca and Mission, and that the case then be closed.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before April 1, 2019. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Plaintiff is directed to promptly serve Maurisaca and Mission with a copy of this Report and Recommendation at their respective last known addresses and upon their counsel in the underlying action, and to file proof of service with the Court.

                            _____/s/_____
                            STEVEN M. GOLD
                            United States Magistrate Judge

Brooklyn, New York
March 18, 2019

U:\#Clerk Files\Decisions 2018-2019\Century Surety Co. v. Mission Design & Management, Inc. et al., 16-cv-2075 (NGG).docx