O/R

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CENTURY SURETY COMPANY,

                Plaintiff,

    -against-

MISSION DESIGN & MANAGEMENT, INC., THE
WALSH COMPANY, LLC, BAKERS DOZEN
PARTNERS LLC, EMM GROUP HOLDINGS LLC,
BOWERY AT SPRING PARTNERS, LP, JUAN
MARISACA, and JAIME GUICHAY GUERRERO,

                Defendants.
------------------------------------------------------------X

**ORDER**

**16-CV-2075 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Century Surety Company brings this case against Defendants Mission Design & Management, Inc. ("Mission"); The Walsh Company, LLC ("Walsh"); Bakers Dozen Partners LLC ("Bakers Dozen"); EMM Group Holdings LLC ("EMM"); Bowery at Spring Partners, LP ("Bowery"); Juan Maurisaca; and Jaime Guichay Guerrero. (Compl. (Dkt. 1).) Plaintiff seeks a judgment declaring that it has no duty to defend or indemnify Mission, Walsh, Bakers Dozen, EMM, or Bowery in an underlying personal injury action brought by Maurisaca, a Mission employee, even though it had issued a commercial excess liability policy to Mission. (Compl. ¶¶ 11-23.)

On December 10, 2018, Plaintiff moved for summary judgment. (Pl. Mot. for Summ. J. (Dkt. 53).) This court referred the motion to Magistrate Judge Steven M. Gold. (Dec. 18, 2018 Order.) No Defendant has opposed the motion. (See Jan. 2, 2019 Min. Entry (Dkt. 54).)

On March 18, 2019, Judge Gold issued a report and recommendation ("R&R"), recommending that this court grant Plaintiff's motion for summary judgment for two reasons. (R&R (Dkt. 57) at 4.) First, Mission's primary commercial liability coverage was provided by

1

Scottsdale Insurance Company. (Id. at 2.) The court hearing the underlying action determined that Mission was not entitled to coverage under its Scottsdale policy and that neither Bowery nor Walsh qualify as additional insureds. (Id.) As Judge Gold noted, by the express terms of the policy Plaintiff issued to Mission, Plaintiff cannot be required to provide coverage that is any broader than that of Scottsdale's underlying policy. (Id.) Second, Judge Gold found that the policy Plaintiff issued to Mission excludes from coverage any injury to a Mission employee that occurred in the course of their employment, which is the case with Maurisaca's injury. (Id. at 3.) Further, Judge Gold recommended that the court enter the defaults of Maurisaca and Mission, who were served but failed to appear in this case. (Id. at 3-4.) In Judge Gold's view, Plaintiff "is entitled to a declaratory judgment stating that it has no duty to defend or indemnify Mission—or Walsh, Bakers Dozen, EMM, or Bowery—in Maurisaca's underlying personal injury action." (Id. at 3.)

No party has objected to the R&R and the time in which to do so has passed. Fed. R. Civ. P. 72(b)(2). The court therefore reviews the R&R for clear error. Fed. R. Civ. P. 72, 1983 Advisory Committee's Notes; see Colvin v. Berryhill, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); Wider v. Colvin, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017). Finding none, the court ADOPTS the R&R (Dkt. 57) in full. Accordingly, Plaintiff's (Dkt. 53) motion for summary judgment is GRANTED and the Clerk of Court is respectfully DIRECTED to enter the defaults of Maurisaca and Mission and close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July _1_, 2019

NICHOLAS G. GARAUFIS
United States District Judge

2